IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WFG NATIONAL TITLE INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) 2:22-cv-393-NR ) ) |
| v. | ) ) ) |
| PARADISE SETTLEMENT SERVICES, LLC, | ) ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM ORDER**

This case arises from Defendant Paradise Settlement Services, LLC's negligent performance of its duties owed to Plaintiff WFG National Title Insurance Company, conversion of funds owed to WFG, fraudulent issuance of WFG policies, and refusal to indemnify WFG for losses that WFG incurred because of Paradise's actions. From these core allegations, WFG brings claims for breach of contract, indemnification, conversion, and fraud. ECF 1, ¶¶ 71-96.

Pursuant to this Court's order, on July 6, 2022, WFG served Paradise by publication in the Dallas Bar Journal, Texas Bar Journal, and the Dallas Morning News Paper. ECF 15. Following service, counsel for Paradise filed Notices of Appearance on July 26, 2022. ECF 12; ECF 13. That representation was short lived, however, because counsel withdrew just a few weeks later. ECF 18. Since then, Paradise, has been unrepresented. After several extensions, Paradise's final deadline to respond to the complaint was October 20, 2022. *Id.* Paradise never responded.

WFG now moves the Court for a default judgment. ECF 27. WFG seeks damages in the amount of $1,070,900.67 and an order enjoining Paradise from issuing any future commitments or policies. ECF 27, p. 3.

After careful consideration, the Court grants WFG's motion for the following reasons:

1. Federal Rule of Civil Procedure 55 provides for entry of default when a defendant has "failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). After the Clerk of Court enters default, a plaintiff may move for a default judgment under Rule 55(b). Fed. R. Civ. P. 55(b).

2. Before entering default judgment, the Court must first "satisfy itself that [it] has both subject matter jurisdiction over the action and personal jurisdiction over the defendant," and that "the well-pleaded facts in the plaintiff's complaint state a cause of action against the defendant." *Mercedes-Benz Fin. Servs. USA LLC v. Synergistiks, Inc.*, No. 18-184, 2019 WL 481753, at *2 (W.D. Pa. Feb. 7, 2019) (Gibson, J.) (cleaned up).

3. The Court has diversity jurisdiction over this matter under 28 U.S.C. § 1331. That's because WFG is incorporated in South Carolina with a principal place of business in Oregon, and Paradise is a limited liability company with its sole member being a citizen of Texas.[1] ECF 1, ¶¶ 1-3. The amount in controversy far exceeds the $75,000 threshold. *See* ECF 27.

4. The Court has personal jurisdiction over Paradise because its principal place of business is in this District and a substantial part of the events or omissions giving rise to WFG's claims occurred here.

5. Paradise was properly served and the unchallenged facts in the complaint constitute legitimate causes of action against it. *Broadcast Music, Inc. v. George Moore Enters., Inc.*, 184 F. Supp. 3d 166, 169 (W.D. Pa. 2016) (Gibson, J.) ("In

---

[1] "[T]he citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

considering a motion for default judgment, a court must treat the allegations in the complaint as true." (citation omitted)).

6. Satisfied on those preliminary matters, it is in the Court's discretion to enter default judgment. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1303 (3d Cir. 1995).

7. In exercising its discretion, the Court must consider: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). "When a defendant is in default and has not opposed the motion for default judgment, however, trial courts in this circuit give somewhat less deference to *Chamberlain*." *Smith Transp. Inc. v. Truck & Bus Wash, Inc.*, No. 06-160, 2007 WL 320826, at *1 (W.D. Pa. Jan. 30, 2007) (Gibson, J.) (citations omitted).

8. The Court finds that the *Chamberlain* factors warrant entering default judgment. First, WFG will be prejudiced if default is denied because "[c]onsiderable delays, especially those that might stretch on indefinitely," like the delay that WFG has experienced and is continuing to experience in this case, "are sufficient to show prejudice to the plaintiff." *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271 (E.D. Pa. 2014) (cleaned up). Second, Paradise does "not appear to have a litigable defense because [it has] not asserted any defense to [WFG's] claims." *Broadcast Music*, 184 F. Supp. 3d at 170; *see also Joe Hand*, 3 F. Supp. 3d at 271-72 (the Court "may presume that an absent defendant who has failed to answer has no meritorious defense[] because it is not the court's responsibility to research the law and construct the parties' arguments for them" (cleaned up)). Third, Paradise's delay

is because of its own culpable conduct; it has failed to appear and defend this action, despite being served. *Broadcast Music*, 184 F. Supp. 3d at 170.

9. The Court will therefore enter judgment for WFG.

10. For relief, WFG asks this Court to award it $1,070,900.67 and permanently enjoin Paradise from issuing any future commitments or policies related to WFG.

11. A plaintiff who "prevails by default is not automatically entitled to the requested damages[.]" *Delaware Valley Aesthetics, PLLC v. Doe 1*, No. 20-0456, 2022 WL 17094740, at *8 (E.D. Pa. Nov. 21, 2022) (citations omitted).

12. Rather, the plaintiff must establish the amount of damages sought with "reasonable certainty." *Id.* (citations omitted). "Reasonable certainty" allows for some uncertainty, but the amount cannot be "too speculative, vague or contingent upon some unknown factor." *PPG Indus. v. Jiangsu Tie Mao Glass Co.*, No. 15-965, 2021 WL 2327509, at *3 (W.D. Pa. June 8, 2021) (citing *Spector v. Fireman's Fund Ins. Co.*, 451 Fed. App'x 130, 134 (3d Cir. 2011)).

13. "In connection with its damages inquiry, courts can consider the truth of the moving party's averments by receiving evidence through detailed affidavits and other materials[.]" *Delaware Valley Aesthetics*, 2022 WL 17094740, at *8 (citations omitted).

14. Through the declaration of Christopher Brink, WFG's Senior Claims Counsel, and the substantial supporting documentation submitted with that declaration, the Court finds that WFG has proven with reasonable certainty damages in the full amount that it requested. ECF 27-1 (including all exhibits thereto).

15. The final matter to be resolved is WFG's request for a permanent injunction.

16. To grant this request, the Court must find "that the plaintiff has met [its] burden in demonstrating [] (1) that it has suffered an irreparable injury; (2) that

remedies available at law are inadequate to compensate for that injury; (3) that considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Delaware Valley Aesthetics*, 2022 WL 17094740, at *9 (cleaned up).

17. WFG has met its burden.

18. First, WFG will be irreparably injured by the denial of injunctive relief because WFG has suffered and will continue to suffer harm to its reputation and goodwill if Paradise continues to falsely: (1) issue WFG commitments; (2) issue WFG title insurance policies; and (3) represent itself and its employees as being affiliated with WFG. *See Pappan Enter., Inc. v. Hardee's Food Sys.*, 143 F.3d 800, 805 (3d Cir. 1998) ("Grounds for irreparable injury include loss of control of reputation, loss of trade, and loss of goodwill." (citation omitted)).

19. Second, the remedies available at law cannot prevent Paradise from masquerading as being affiliated with WFG, when it no longer is.

20. Third, a permanent injunction will not harm Paradise because it is only being ordered to cease its fraudulent conduct.

21. Fourth, the public interest would be served by avoiding confusion in the marketplace and preventing ongoing fraud.

22. Because all four factors have been satisfied, the Court will grant WFG's request for a permanent injunction. *Delaware Valley Aesthetics*, 2022 WL 17094740, at *9.

*   *   *

For these reasons, this **6th day of June, 2023,** it is hereby **ORDERED** that WFG's motion for default judgment (ECF 27) is **GRANTED**.

The Court enters judgment in WFG's favor and against Paradise in the amount of $1,070,900.67.

Paradise, and its agents, servants, employees, and attorneys, and others in active concert or participation with them, are permanently enjoined from issuing any future commitments for or policies from WFG.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge